OPINION
Appellant Cynthia Remy is appealing the decision of the Richland County Court of Common Pleas that granted summary judgment on behalf of Appellee Rick Graszl. The following facts give rise to this appeal.
On May 29, 1996, a collision occurred on State Route 97, between vehicles owned and operated by Todd Remy and Wendel Graszl. Toddy Remy died as a result of the accident. Appellant subsequently filed suit against Wendel Graszl.[1] The parties eventually settled this case and it was dismissed pursuant to a release between the parties. Thereafter, appellant filed this suit, on January 21, 1997, against Rick Graszl, alleging Wendel Graszl was in the course and scope of an agency relationship with Rick Graszl when the accident occurred.
The evidence establishes that at the time of the accident, Rick Graszl was a contractor in the process of building a home in Lexington, Ohio. From time to time, Wendel Graszl would do odd jobs for his son, for which Rick Graszl would pay him on an hourly basis as an independent contractor. Wendel Graszl was not on Rick Graszl's payroll. On the day of the accident, Wendel Graszl had performed some work at the building site in Lexington and was on his way home, following his lunch hour, as he was not feeling well. While driving home, Wendel Graszl blacked out which resulted in the accident.
At the time of the accident, Wendel Graszl had a number of his own tools in his pickup truck as well as three boards, which belonged to Rick Graszl, and were used as planks on the construction site. Appellant bases the alleged agency relationship on the fact that Wendel Graszl was hauling these planks, in his truck, at the time of the accident.
Appellee moved for summary judgment on June 18, 1998. The trial court granted appellee's motion for summary judgment on June 29, 1998. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. IT WAS ERROR FOR THE TRIAL COURT TO GRANT DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHEN MATERIAL ISSUES EXISTED REGARDING THE AGENCY RELATIONSHIP OF RICK AND WENDEL GRASZL.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I
Appellant maintains, in her sole assignment of error, the trial court erred when it granted summary judgment on behalf of appellee because a material issue of fact exists concerning the existence of an agency relationship between appellee and Wendel Graszl. We disagree.
"Under Ohio law an agency relationship is a consensual relationship (between two persons) where the agent has the power to bind the principal, and the principal has the right to control the agent. The existence of an agency relationship depends primarily upon the right of the principal to control the agent."Arnson v. General Motors Corp. (N.D. Ohio 1974), 377 F. Supp. 209. An agency relationship arises from the agreement of the parties to the existence of the relationship. Bradley v. Farmers New WorldLife Ins. Co. (1996), 112 Ohio App.3d 696, 709. The party asserting the existence of an agency relationship bears the burden of proof. Grigsby v. O. K. Travel (1997), 118 Ohio App.3d 671,675.
We find appellant failed to meet her burden of proof and establish the existence of an agency relationship between appellee and Wendel Graszl. Wendel Graszl worked for his son as an independent contractor. Appellee paid his father on an hourly basis. Depo. Wendel Graszl at 18. On the day of the accident, Wendel Graszl was on his way home from work due to illness. Id. at 10. He was not traveling anyplace at the request of appellee. Wendel Graszl was driving his own vehicle. The fact that he had three planks owned by appellee, in his pickup truck, at the time of the accident, does not establish the existence of an agency relationship between appellee and Wendel Graszl. The trial court properly granted summary judgment on behalf of appellee.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
[1] Case No. 96-409-D.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.